

Wilson Sonsini Goodrich & Rosati
Professional Corporation

1301 Avenue of the Americas, 40th Floor
New York, New York 10019

O: 212.999.5800
F: 212.999.5899

**JASON MOLLICK**
Internet: jmollick@wsgr.com
Direct Dial: 212.497.7772

March 16, 2020

**VIA CM/ECF**

The Honorable Margo K. Brodie
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re:  *Genius Media Group Inc. v. Google LLC and LyricFind, Inc.*
>       **No. 1:19-cv-07279-MKB-VMS (E.D.N.Y.)**

Dear Judge Brodie:

We represent Defendant Google LLC ("Google"), and write on behalf of both Google and Defendant LyricFind, Inc. ("LyricFind"). We hereby notify the Court of supplemental authority pertaining to Plaintiff Genius Media Group Inc.'s ("Genius") pending Motion to Remand. Briefing on the motion concluded recently on March 11, 2020.

On February 27, 2020—one day before Defendants' submission of their joint opposition brief—Judge Alvin K. Hellerstein issued the attached Order in *Adina's Jewels, Inc. v. Shashi, Inc.*, No. 1:19-cv-08511-AKH, 2020 WL 950752 (S.D.N.Y.). *See* <u>Exhibit A</u>.

The plaintiff in *Adina* filed a complaint in state court alleging that the defendant ordered jewelry from the plaintiff's website, created knock offs, and sold them as its own jewelry. The claims at issue included two of those asserted by Genius in this case: unfair competition and unjust enrichment. *Id.* at *1.

Following removal, Judge Hellerstein denied plaintiff's motion to remand and dismissed the state law claims as preempted by federal law, because "[u]nder Adina's theory of this case, the acts of copying and unauthorized use trigger Shashi's liability. This neatly falls within the bounds of the infringement protection offered by § 106 of the Copyright Act." *Id.* at *3.

Here, Genius has argued that its claims avoid preemption because it alleges "deception" and "bad faith" by the Defendants. *See* Dkt. 15-1 at 18-22; Dkt. 17 at 4-5, 7. Judge Hellerstein addressed and rejected the same argument in *Adina*:

> Nor does the fact that Adina alleges that Shashi copied its jewelry in a "deceptive" manner ... meaningfully change the picture. Shashi's purported bad faith in

**WILSON
SONSINI**

The Honorable Margo K. Brodie
March 16, 2020
Page 2

       copying does not alter the reality that the harm in this case stems wholly from the
alleged copying.

Ex. A at *4 (citing, *e.g.*, *Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 306
(2d Cir. 2004) ("Awareness or intent … are not extra elements that make a state law
claim qualitatively different.")).

       As Defendants explained in their opposition brief, this is consistent with every
other court in the Second Circuit to address the same issue. *See* Dkt. 16 at 20-25.

                       Respectfully submitted,

                       WILSON SONSINI GOODRICH & ROSATI
                       Professional Corporation

                       *s/ Jason Mollick*
                       Jason Mollick
                       1301 Avenue of the Americas, 40th Floor
                       New York, New York 10019
                       Telephone: (212) 999-5800
                       Facsimile: (212) 999-5899
                       jmollick@wsgr.com

                       *Counsel for Defendant Google LLC*

                       FREUNDLICH LAW

                       *s/ Kenneth D. Freundlich*
                       Kenneth D. Freundlich
                       16133 Ventura Blvd., Suite 645
                       Encino, California 91436
                       Telephone: (310) 275-5350
                       Facsimile: (310) 285-5351
                       ken@freundlichlaw.com

                       *Counsel for Defendant LyricFind, Inc.*

Enclosure

cc:     All Counsel of Record (via CM/ECF)