

**PRYOR CASHMAN LLP**

New York | Los Angeles | Miami

7 Times Square, New York, NY 10036-6569   Tel: 212-421-4100   Fax: 212-326-0806   www.pryorcashman.com

**Marion R. Harris**
Counsel

Direct Tel: 212-326-0128
Direct Fax: 212-326-0806
MHarris@PRYORCASHMAN.com

March 25, 2020

**VIA CM/ECF**

Hon. Margo K. Brodie
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re: *Genius Media Group Inc. v. Google LLC, et ano.*, No. 1:19-cv-07279-MKB-VMS (E.D.N.Y.)

Dear Judge Brodie:

We represent Plaintiff Genius Media Group Inc. ("Genius") in the above-captioned matter. We write in response Defendants Google LLC's and LyricFind's ("Defendants") March 16, 2020 letter notifying the Court of the Order issued by Judge Alvin K. Hellerstein in *Adina Jewels, Inc. v. Shashi Inc.*, No. 1:19-cv-08511-AKH, 2020 WL 950752 (S.D.N.Y.) .

As an initial matter, *Adina Jewels Inc.* is inapposite (as with all of the cases cited in Defendants' opposition to Plaintiff's Motion to Remand), as it involves a plaintiff who owns copyrightable material and is asserting an unfair competition claim in lieu of a copyright claim. Here, all parties concede that (a) No party (including Genius) owns the copyright in the music lyrics; (b) Genius cannot sue for copyright infringement of the lyrics; but yet (c) the accuracy, completeness and speed at which transcriptions are curated and made available is of significant value (which is why LyricFind licenses these transcriptions to Google and others for a significant price). These claims are separate and apart from the claims that the copyright owners of the lyrics may possess.

Additionally, Defendants mischaracterize the Court's holding in *Adina Jewels Inc.*, claiming that allegations of "deception" do not make an unfair competition qualitatively different for purposes of a preemption analysis. However, Judge Hellerstein expressly left open the possibility that allegations of deception could, in fact, form the basis for an unfair competition claim in *Adina Jewels, Inc.*:

> It is possible that Adina may have a non-preempted basis to state a
> cause of action under New York law, *e.g.,* an action based, not on



Hon. Margo K. Brodie
March 25, 2020
Page 2

> copying or deception based on nothing more than copying, *but on deception based on other facts*. Today's ruling is not intended to foreclose the possibility of such a pleading in the New York Supreme Court.

2020 WL 950752, at *5 (emphasis added). Thus, contrary to Defendants' position, unfair competition claims comprised of allegations of deception are <u>not per se preempted</u>.

Further, the facts at hand are entirely distinguishable. Genius's claim of Defendants' deception is not only that they misappropriated lyrics transcriptions from Genius's website. Indeed, as set forth in Genius's Complaint and its Motion to Remand, the deceptive conduct here is much more severe. (*See, e.g.*, Complaint ¶¶ 68-72, 73-81, 82-91, 91-99, 149-150, 160-161, 178-181, 195-198,)

Thus, *Adina Jewels Inc.* is factually distinguishable and should not be considered in deciding Genius's Motion to Remand.

Respectfully submitted,

*Marion R. Harris*

Marion R. Harris

cc: Brian M. Willen (*by ECF*)
Jason B. Mollick (*by ECF*)
Wilson Sonsini Goodrich & Rosati PC
1301 Avenue of the Americas
40th Floor
New York, New York 10019

*Attorneys for Google LLC*

Kenneth D. Freundlich (*by ECF*)
Freundlich Law
16133 Ventura Blvd.
Suite 645
Encino, California 91436

*Attorneys for LyricFind*